## J. B. Kennedy & Wife *v.* J. E. Collins.

**Husband and Wife—Landlord and Tenant—Rights of Wife.**

Where a husband, without opposition on the part of the wife, transferred the possession of a house and lot to another as tenant, the wife can not assert her rights in a controversy between the landlord and tenant, relating solely to the tenancy and in no wise affecting the title to the other part of the property.

**Forcible Entry and Detainer—Holding Over by Tenant.**

The mere holding over by a tenant after the expiration of his term is not a forcible detainer, and a warrant will not lie until there has been a refusal to surrender possession.

### APPEAL FROM MERCER CIRCUIT COURT.

December 24, 1872.

Opinion by Judge Lindsay:

Neither the county judge nor the circuit judge erred in refusing to permit the petition of Mrs. Kennedy to be filed. She could not be made a party to the warrant for the forcible detainer complained of without the consent of Collins.

Upon the trial in the country, and also upon the traverse in the circuit court, the sole question to be determined by the jury was whether Kennedy was or was not guilty of the forcible detainer charged. No matter what may be the right of Mrs. Kennedy under the homestead act, if her husband, without legal opposition upon her part, did actually transfer the possession of the house and lot to Collins by becoming his tenant, she can not assert her rights in a controversy between the landlord and tenant relating solely to the tenancy and in no wise affecting the title of either party to the property. This is not an action to recover the possession of real property. If the forcible detainer complained of is true, Collins in law now has the possession of the house and lot and his complaint is against a party who holds for him and who has violated the terms and conditions of his holding. We express no opinion as to the rights of Kennedy or his wife under the homestead act, but merely that their rights, whatever they may be, must be asserted in an original action, and can not be enquired into in this proceeding.

We are of opinion that the first instruction given upon the motion of appellee is erroneous and misleading.

The mere holding over by a tenant after the expiration of his term against the will of the landlord is not a forcible detainer. Section 500, Civil Code, defines a forcible detainer to be "The refusal of a tenant to surrender to his landlord the land or tenements demised, after the expiration of the term of a tenant at will after the determination of the will of the landlord." Although the tenant may hold against the will of the landlord, the warrant will not lie until there has been a refusal to surrender the devisor's premises.

For this error alone the judgment is reversed and the cause remanded for a new trial, upon principles consistent with this opinion.

*T. C. Bell, J. B. & P. B. Thompson, for appellants.*

*C. A. Hardin, for appellee.*